**VISADOR COMPANY,
Petitioner-Appellant
Cross-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee Cross-Appellant.**

No. 74–1392.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1975.

Rehearing and Rehearing En Banc Denied March 21, 1975.

Robert C. Johnson, Jr., Dallas, Tex., William R. Bernard, Frederick J. Tansill, Washington, D. C., George F. Smith, Jr., Dallas, Tex., for petitioner-appellant cross-appellee.

Scott P. Crampton, Asst. Atty. Gen., Dept. of Justice, Meyer Rothwacks, Chief, App. Sec., Meade Whitaker, Chief Counsel, Internal Revenue Service, Dennis J. Fox, Acting Director, Tax Court, Litigation Div., Internal Revenue Service, Edward D. Robertson, Elmer J. Kelsey, Robert G. Burt, Joseph M. Mc Manus, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee cross-appellant.

Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

After hearing oral argument and carefully reading and analyzing the record and the briefs of both parties, each appealing some portion of the Tax Court's decision, we are of the opinion that the material factual determinations are supported by the evidence and that the legal conclusions of the Tax Court are correct in all respects.[1] Accordingly, we affirm on the basis of that opinion. *See* Visador Co. v. Commissioner of Internal Revenue, 32 Tax Ct.Memo. 825 (1973).

1. There is one factual error reflected in the Tax Court opinion which Visador argues led to the erroneous conclusions of that court.

The Tax Court indicated that at the time of the transaction, 1961, Dwight and Willis Coffman, the two principals here, were employees of Coffman Stair Company, which was controlled by their father and uncle. In fact, the father had died in 1958. This error was not material to the Tax Court's decision and we are unable to agree that it has any significance in the disposition of this case.